IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

DENISE E. OLVER,

    Plaintiff,  OPINION AND ORDER

    v.  14-cv-338-wmc

CAROLYN W. COLVIN, Acting Commissioner
of Social Security,

    Defendant.
_____

Pursuant to 42 U.S.C. § 405(g), plaintiff Denise E. Olver seeks judicial review of a final determination that she was not disabled within the meaning of the Social Security Act. Olver contends that remand is warranted because the Administrative Law Judge failed to consider and assess her age under the requirements of the Medical-Vocational Guidelines, 20 C.F.R. 404, Subpt. P, App. 2. Finding that the ALJ considered and properly analyzed the borderline age situation, however, the court will affirm the Commissioner's decision.

## FACTS[1]

This case has a long procedural history, having been remanded for further review from the Appeals Council on two separate occasions already. Most recently, Administrative Law Judge John H. Pleuss issued a lengthy decision dated August 23,

---

[1] The following facts are drawn from the administrative record, which can be found at dkt. #9. Normally, the court would provide a more thorough overview, but since the only issue raised by Olver concerns whether the ALJ improperly applied the Medical-Vocational Guidelines, the factual recitation is limited to those directly material to that issue.

2013,.  This is the third such decision in this case, which found that Olver was not disabled from the alleged onset date of August 15, 2011, through the date last insured of December 31, 2011.  In his decision, the ALJ nevertheless determined that Olver had the following severe impairments:  shoulder impairment, back impairment, obesity and depression.  (AR 13.)

The ALJ further determined that Olver had a residual functional capacity to perform less than the full range of sedentary work, and specifically limited her RFC as follow:

> She was precluded from more than occasional stooping, bending, crouching, crawling, kneeling or climbing.  She required a sit/stand option so that she did [] not need to sit or stand for more than 30 minutes at a time.  She was precluded from more than occasional reaching with her right (dominant) hand/arm and from any overhead reaching with her right (dominant) hand/arm.  She was limited to performing simple, routine and repetitive tasks.  She was precluded from work involving fast-paced production.  She was likely to be off task for about 5% of the workday in addition to regularly scheduled breaks from work.  She was limited to work requiring few, if any workplace changes.

(AR 15.)

Olver was born on February 15, 1962.  Critical for this appeal, Olver was 49 years old on the date last insured, less than two months shy of her 50th birthday.  The ALJ recognized this, explaining the implication, "On her 50th birthday, on February 15, 2012, a finding of 'disabled' would be reached by direct application of Medical-Vocational Rule 201.12 and 201.14."  (AR 26.)  The ALJ recognized his discretion to place Olver in the 50-54 age category, but rejected her request to do so.  Instead, the ALJ placed her in the younger individual age of 45-49.

2

OPINION

Under 20 C.F.R. § 416.963, a claimant's age can affect her ability to work and, in turn, her entitlement to benefits. Section 416.963 sets forth three age categories, and explains that each category includes progressively higher presumed limits on a claimant's ability to work: (1) a "younger person" who is under 50; (2) a "person closely approaching advanced age" who is between 50 and 54; and (3) a "person of advanced age" who is 55 or older. The regulation also explains that the Social Security Administration

> will use each of the age categories that applies to you during the period for which we must determine if you are disabled. *We will not apply the age categories mechanically in a borderline situation.* If you are within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that you are disabled, we will consider whether to use the older age category after evaluating the overall impact of all the factors of your case.

20 C.F.R. § 416.963(b) (emphasis added).

The parties agree that if the ALJ had placed Olver in the "closely approaching advanced age category," encompassing the age range of 50-54, then she would be disabled as provided under the Medical-Vocational Guidelines, 20 C.F.R. Pt. 404, Subpt. P. App. 2. (As described above, the ALJ also recognized this dynamic.) Both parties also cite to the interpretive manual that ALJs receive -- the Hearings, Appeals and Litigation Law Manual (HALLEX) -- which in pertinent part discusses how ALJs must use these age categories in "borderline" situations. *See* http://www.ssa.gov/OP_Home/hallex/II-05/II-5-3-2.html.

Specifically, HALLEX II-5-3-2 provides that ALJs should "take a 'sliding scale' approach [where] the claimant must show progressively more additional vocational adversity(ies) — to support use of the higher age — as the time period between the claimant's actual age and his or her attainment of the next higher age category lengthens." HALLEX II-5-3-2 also describes certain examples of "additional vocational adversities," including

> presence of an additional impairment(s) which infringes upon—without substantially narrowing—a claimant's remaining occupational base; or the claimant may be barely literate in English, have only a marginal ability to communicate in English, or have a history of work experience in an unskilled job(s) in one isolated industry or work setting. (An isolated industry would be such as fishing or forestry.)

*Id.*

Here, the ALJ also (1) cited to HALLEX, (2) set forth the approach as described above, and (3) considered the relevant factors in concluding that Olver should not be placed in the 50-54 age category. As the Commissioner points out, the cases cited by Olver are distinguishable because the ALJs in those cases failed to consider whether the case presented a borderline age situation. (Def.'s Opp'n (dkt. #21) 5.) *See, e.g., Young v. Barnhart*, 287 F. Supp. 2d 905, 913 (N.D. Ill. 2003) (remanding where Appeal Council failed to perform a borderline age analysis); *Freundt v. Massanari*, No. 00 C 4456, 2001 WL 1356146, at *20 (N.D. Ill. Nov. 2, 2001) (remanding for analysis of borderline age issue, including explanation of the evidence considered in making determination).

Still, Olver contends that the ALJ failed to address adequately the "presence of an additional impairment(s) which infringes upon—without substantially narrowing—a

claimant's remaining occupational base" -- one of the examples of "additional vocational adversities" is described above. Specifically, Olver argues that the ALJ erred in only considering the presence of the additional impairments of "diabetes and hypertension," arguing instead that the ALJ should have considered nonexertional limitations associated with Olver's severe impairments of obesity and depression. (Pl.'s Br. (dkt. #19) 12.) While the exact meaning of these particular vocational limitations is admittedly unclear, it only concerns *additional* impairments, meaning impairments other than those that have been identified as severe.

Here, the ALJ found severe impairments of obesity and depression, and considered those impairments in crafting an RFC for Olver. As such, the ALJ need not consider whether those impairments further narrow the occupational base. To the contrary, such an assessment would be entirely duplicative. Instead, the ALJ properly considered certain impairments noted in the medical record -- diabetes and hypertension -- which he did not find to be severe, and therefore were not factored into the RFC. The court, therefore, finds no error in the ALJ's analysis.

ORDER

IT IS ORDERED that the Commissioner's decision is AFFIRMED and the complaint filed by plaintiff Denise E. Olver is DISMISSED.

Entered this 7th day of March, 2016.

                            BY THE COURT:

                            /s/

                            _____
                            William M. Conley
                            District Judge